UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DARLENE L. SEALE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 17-cv-1072 |
| MEDSOURCE, LLC, | ) |
| Defendant. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint. (Doc. 4). The motion has been fully briefed and is ready for decision. For the reasons stated below, the motion is granted in part and denied in part.

### LEGAL STANDARDS

In ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), "the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009). The pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the challenged pleading must contain sufficient detail to give notice of the claim, and the allegations must "plausibly suggest that the [non-movant] has a right to relief, raising that possibility above a 'speculative level.' " *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard requires enough facts "to present a story that holds together," but does not require a

determination of probability. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Though detailed factual allegations are not needed, a "formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545. Lastly, when a plaintiff pleads facts demonstrating that he has no claim, dismissal of the complaint is proper. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

## RELEVANT FACTUAL BACKGROUND[1]

Plaintiff is an African-American woman. She was employed by Defendant on or about May 16, 2016. On and prior to August 25, 2016, Plaintiff opposed acts of racial discrimination asserted against her and others in the workplace by senior management personnel, supervisory personnel and human resource personnel employed by Defendant. That same day, Plaintiff submitted an employee grievance advising Defendant of the alleged acts of racial discrimination and her opposition to such acts. Defendant investigated the grievance and found it to be unfounded.

Plaintiff later filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"). The allegations in the charge were terse. (*See* Doc. 5-1). Plaintiff alleged she was subjected to different terms and condition of employment including, but not limited to, being denied an opportunity to interview for a promotion. She also alleged that she believed she was discriminated against because of her race. After an investigation, the EEOC was unable to conclude that the information obtained through its investigation established the violation of any law. It nevertheless issued Plaintiff a right to sue letter. (Doc. 1-1).

---

[1] These facts are drawn from Plaintiff's Complaint and are assumed true for purposes of this motion.

On or around November 13, 2016, the EEOC investigator provided Defendant with a copy of the Right to Sue letter. On January 12, 2017, Plaintiff was terminated by Defendant on the basis that the company was undergoing a reduction in workforce. She alleges that at all times relevant she was meeting Defendant's legitimate business expectations. This action was filed on February 10, 2017.

## DISCUSSION

The Complaint alleges that Defendant discriminated against Plaintiff on account of her race in violation of Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e et. seq. The Complaint is poorly drafted and does not clearly set out the claims. However, the parties seem to agree there are two separate claims: a racial discrimination claim as to the conditions of employment and a retaliation claim for filing an EEOC complaint regarding the racial discrimination claim. Defendant argues that the Complaint should be dismissed because first, the retaliation claim was not presented to the EEOC before this suit was initiated, and second, the racial discrimination claim does not allege sufficient facts to make it plausible that Plaintiff suffered an adverse employment action due to her race. The Court disagrees with the Defendant's first argument but agrees with its second argument.

**I.      Retaliation Claim**

Defendant argues that the retaliation claim should be dismissed because Plaintiff did not present it to the EEOC before initiating this lawsuit. A federal employment discrimination plaintiff generally is limited in a Title VII action to pursuing only the claims she made before the EEOC. *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009) (citing *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 500

(7th Cir. 1994); *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992)). This requirement's purposes are "to promote resolution of the dispute by settlement or conciliation and to ensure that the sued employers receive adequate notice of the charges against them." *Id*. Plaintiffs are also able, though, to pursue claims that are "like or reasonably related to the allegations of the [administrative] charge and growing out of such allegations.'" *Id*. at 691-92. (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976) (alteration in original)). This inquiry turns on whether "there is a reasonable relationship between the allegations in the charge and those in the complaint, and the claim in the complaint could reasonably be expected to be discovered in the course of the EEOC's investigation." *Id*. at 692 (citing *Cheek*, 31 F.3d at 500).

An alleged incident of retaliation that occurred after a plaintiff has already filed an EEOC complaint can serve as the basis for a Title VII claim. *McKenzie v. Ill. Dept. of Transp.*, 92 F.3d 473 482-82 (7th Cir. 1996). In situations where the alleged retaliation arose after the EEOC charge was filed, only the single previous filing is necessary to comply with Title VII, "a double filing 'would serve no purpose except to create additional procedural technicalities.'" *Id.* citing *Steffen v. Meridian Life Ins. Co.*, 859 F.2d 534, 545 (7th Cir. 1988).

This situation falls squarely into the exception carved out in *McKenzie* and *Steffen* cited above. Plaintiff is claiming that she was retaliated against for filing the EEOC claim. Forcing her to file yet another EEOC claim would be a pointless procedural hurdle that serves no other purpose. *Steffen*, 859 F.2d at 545. Thus, the latter retaliation claim is clearly reasonably related to the underlying racial

discrimination claim included in the EEOC complaint enough to proceed in this Court.[2]

There are only three simple things a plaintiff needs to plead to make out a plausible retaliatory discharge claim. A plaintiff must show: 1) that he engaged in statutorily protected activity; 2) he suffered an adverse action; and 3) there is a causal link between the protected activity and the adverse action. *Essex v. United Parcel Serv., Inc.*, 111 F.3d 1304, 1309 (7th Cir. 1997). Plaintiff alleges she filed a complaint of racial discrimination with the EEOC. That is unquestionably statutorily protected activity. *Rabinovitz v. Pena*, 89 F.3d 482, 488 (7th Cir. 1996) ("[Plaintiff] clearly engaged in protected expression by filing the EEOC complaints."). She alleges she was terminated. Termination is an adverse employment action. *Crady v. Liberty Nat'l Bank & Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993) (a "materially adverse change might be indicated by a termination of employment…"). Lastly, she alleges she was terminated for filing the EEOC complaint. Although she presents no actual evidence of this, evidence is not required at this stage of the litigation. All that is required is a plausible allegation of causality. As pled, it is plausible that Plaintiff was terminated because her EEOC complaint. Plaintiff alleges Defendant was notified of the EEOC complaint and terminated her after it became aware of it. Although at the summary judgment stage, temporal proximity will not be enough to sustain an inference of causality, *see Stone v. City of Indianapolis Pub. Utilities Div.*, 281 F.3d 640, 644 (7th Cir. 2002) ("we remind that mere temporal proximity between the filing of the charge

---

[2] This is so even though the underlying racial discrimination claim itself is inadequately pled and will not be allowed to go forward. *See infra* Section II.

5

of discrimination and the action alleged to have been taken in retaliation for that filing will rarely be sufficient in and of itself to create a triable issue."), at this pleading stage, the Court will allow the claim to proceed.

For the foregoing reasons, the retaliation claim survives and the motion to dismiss is denied as to this claim.

## II. Racial Discrimination Claim

Although the retaliation claim survives, the underlying racial discrimination claim itself must be dismissed as it has failed to meet minimal pleading standards. Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Nothing in the Complaint shows Plaintiff is entitled to relief on her racial discrimination claim.

The Complaint provides that Plaintiff "opposed acts of racial discrimination asserted against her and others in the workplace" by senior management personnel, supervisory personnel and human resource personnel employed by Defendant. The Complaint does not describe these alleged acts of racial discrimination. The EEOC complaint is similarly vague and conclusory. It contained the following information: Plaintiff was subjected to different terms and conditions in employment including, but not limited to, being denied an opportunity to interview for a promotion. Later, it states that Plaintiff believed she was discriminated against because of her race.[3]

---

[3] Plaintiff should understand that there is ample legal precedent in the Seventh Circuit that mere subjective belief that she was discriminated against on the basis of race will not be enough to survive summary judgment. *E.g.*, *Kizer v. Children's Learning Ctr.*, 962 F.2d 608, 613 (7th Cir. 1992) ("[A] subjective belief of discrimination no matter how genuine, cannot be the sole basis for a finding of discrimination.").

The Court agrees with Defendant that the Complaint fails to allege that race was the reason for any adverse employment action taken against her. Simply stating that Defendant engaged in "acts of racial discrimination" or that she "was subjected to different terms and conditions of employment" without identifying a comparator is insufficient pleading. Similarly, pleading that she was denied the opportunity to interview for a promotion, means little in light of the fact that Plaintiff has not pled who, if anyone, was given the opportunity to interview nor pled any allegations that such denial was attributable to her race.

In attempting to convince the Court to not dismiss her racial discrimination claim, Plaintiff wrote:

> In the case at bar, [Plaintiff] pleaded that she experienced racial discrimination by her supervisors at Medsource, that she submitted an internal employee grievance as a result of the racial discrimination that she experienced at Medsource, that she filed an EEOC charge against Medsource by virtue of the racial discrimination that she experienced, and that [she] was terminated in retaliation for filing the aforementioned EEOC charge. . . . To be certain, [Plaintiff] would not have been terminated had she not first (1st) complained of the discrimination she had experienced by virtue of her race.

(Doc. 9 at 6-7).

This is assuredly a garbled response. It actually makes the Court wonder whether Plaintiff is asserting a stand-alone racial discrimination claim. Propping up retaliation as the defense of a racial discrimination claim that purportedly stands apart from the retaliation claim makes little sense. The upshot of Plaintiff's stand-alone racial discrimination is Plaintiff's purported "racial discrimination by her supervisors." Unfortunately, Plaintiff has not bothered to allege any details of the purported "racial discrimination by her supervisors." Her allegations are so meager

and deficient that the Court finds they do not provide the Defendant with a meaningful understanding of what it is supposed to be defending itself against. In short, the Complaint provides no connection between racial animus and the Defendant's actions towards Plaintiff.

For these reasons the Court will grant the motion to dismiss as to the racial discrimination claim.

## CONCLUSION

For the foregoing reasons, Defendants' Motion To Dismiss Plaintiff's Complaint (Doc. 4) is GRANTED in part and DENIED in part. The Court will allow Plaintiff to move the Court for leave to file an amended complaint within twenty-one (21) days. An amended complaint shall be attached to the motion as an exhibit. Defendants shall have an opportunity to respond and the Court will assess whether the amended complaint will be allowed or whether such amendment would be futile. If Plaintiff opts to proceed solely on her retaliation claim, she should notify the Court of her intention to do so as soon as practicable in a written status report and the matter will be referred to Magistrate Judge Jonathan Hawley for discovery and other pretrial proceedings. SO ORDERED.

Entered this 28th day of April, 2017.

                                          s/ Joe B. McDade
                                        JOE BILLY McDADE
                              United States Senior District Judge